# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 07-402 |
| KENNETH SHAVER | SECTION: "L" |

## ORDER

Before the Court is Defendant Kenneth Shaver's Motion to Correct Sentence under 28 U.S.C. § 2255. (R. Doc. 357). In his motion, Defendant challenges the application to his sentence of U.S.S.G. §§ 4B1.1 and 4B1.2, which are career offender sentencing enhancements based on the finding that Defendant's instant offense was a "crime of violence" or a "controlled substance offense" and that he had at least two prior convictions that support the enhancement. Defendant filed the instant motion following the Supreme Court's decision in *Johnson v. United States*, which held the residual clause of the Armed Career Criminals Act to be unconstitutionally vague. 135 S. Ct. 2551 (2015). The holding in *Johnson* was subsequently made retroactive in *Welch v. United States*. 136 S. Ct. 1257 (2016).

Following *Johnson* and *Welch*, however, the Supreme Court clarified the applicability of its holdings to §2255 challenges to sentences imposed pursuant to the sentencing guidelines. In *Beckles v. United States*, the Supreme Court found that the sentencing guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." 137 S. Ct. 886, 892 (2017). "Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id*.

1

Because the Supreme Court in *Beckles* held that Johnson did not apply to the Sentencing Guidelines due to their advisory nature, **IT IS ORDERED** that Defendant's Motion to Correct Sentence (R. Doc. 357) is **DENIED**.

New Orleans, Louisiana, this 15th day of May, 2017.

_____
UNITED STATES DISTRICT JUDGE